IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOYRELL R. GODFREY, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. H-08-2433 |
| § | |
| KATY INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| Defendant. § | |

**MEMORANDUM, RECOMMENDATION AND ORDER**

Pending before the court[1] is Defendant's Motion for More Definite Statement and Motion to Dismiss (Partial) under Rule 12(b)(6) (Docket Entry No. 4) and the response filed thereto.  The court has reviewed the motion and **RECOMMENDS** that the motion to dismiss Plaintiff's punitive damages claim be **GRANTED**.  Defendant's motion for more definite statement is **DENIED**.

**I.  Motion for More Definite Statement**

Plaintiff, a sixty-four year old black female, alleges that she was discriminated against on the basis of her race and age when she was not hired as a full-time social studies teacher by the Katy Independent School District ("Katy ISD") from August 2003 through the present time.  In her original complaint, she sought relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Age Discrimination in Employment Act ("ADEA"), 29

---

[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Docket Entry No. 5.

U.S.C. § 621, et seq.  Plaintiff sought a position with Defendant, plus compensatory and punitive damages.

Defendant filed the pending motion for more definite statement, arguing that the complaint was deficient in numerous respects.  In response, Plaintiff filed an amended complaint which set out with more particularity the factual bases for her claims.[2] Plaintiff also added claims pursuant to 42 U.S.C. §§ 1981 and 1983 ("Section 1981" and "Section 1983").

The court has reviewed Plaintiff's amended complaint and finds that it is sufficiently detailed to put Defendant on notice of the factual basis for Plaintiff's claims.  Defendant's motion for more definite statement is **DENIED**.

## II.  Defendant's Motion to Dismiss

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Cornish v. Corr. Servs. Corp., 402 F.3d 545, 548 (5th Cir. 2005).  Dismissal of a claim is improper unless it is beyond doubt that the plaintiff will be unable to prove the necessary facts in support of the allegations to entitle the plaintiff to relief.  Id. at 549.

---

[2]    Plaintiff's Amended Complaint, Docket Entry No. 9.

Defendant has moved to dismiss Plaintiff's claim for punitive damages. Defendant correctly points out that punitive damages are not available against municipal entities in the causes of action alleged by Plaintiff.

A school district is considered a municipal entity for purposes of Section 1983 liability. See <u>Jett v. Dallas Ind. Sch. Dist.</u>, 491 U.S. 701, 705, 735 (1989). Municipalities are immune from punitive damages under Section 1983. <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 270-71 (1981). Similarly, the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1), expressly precludes an award of punitive damages against a government, government agency or political subdivision for violations of Title VII. <u>Oden v. Oktibbeha Cty., Miss.</u>, 246 F.3d 458, 465-66 (5th Cir. 2001). Finally, it is well-settled that punitive damages are not available under the ADEA. <u>Smith v. Berry Co.</u>, 165 F.3d 390,395 (5th Cir. 1999)(citing <u>Dean v. Am. Sec. Ins. Co.</u>, 559 F.2d 1036 (5th Cir. 1977)).

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's claims for punitive damages under Title VII, the ADEA and Section 1983 be **DISMISSED**.

Turning to Plaintiff's claim pursuant to Section 1981, in <u>Jett v. Dallas Ind. Sch. Dist.</u>, 491 U.S. at 731-32, the Supreme Court held that Section 1981 did not provide an independent cause of action against local government entities.   See also <u>Oden v.

<u>Oktibbeha Cty., Miss.</u>, 246 F.3d at 465-66.  Instead, a plaintiff must pursue her Section 1981 rights pursuant to Section 1983.  <u>Id.</u> It is therefore **RECOMMENDED** that Plaintiff's claim made directly under Section 1981 be **DISMISSED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 13th day of January, 2009, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge

4